LAWLESS v RABBITT et

Ohio Appeals, 6th Dist, Lucas Co
No 2242. Decided Jan 13, 1930

Smith, Baker, Effler & Eastman, Toledo, for Lawless.

Doyle & Lewis, Toledo, for Rabbitt, et.

## WILLIAMS, J.

It is claimed that the court below erred in striking from plaintiff's petition the third ground of negligence alleged by the plaintiff, namely, the allegation that defendants were guilty of negligence in failing to give any warning or notice whatsoever to pedestrians, including the plaintiff, of the presence of said pipe on and along said sidewalk. The petition contained two other alleged grounds of negligence; first, that the defendants were guilty of negligence in permitting said pipe to obstruct the free and safe passage of pedestrians and, second, that they were guilty of negligence in failing to provide a walk or platform over and across said pipe and in failing to erect a suitable barrier around and about said pipe. The plaintiff below excepted to the action of the court in striking out the third ground, but thereupon obtained leave of court to amend his petition and did amend it by erasing therefrom the allegations so stricken out. We do not think the court committed prejudicial error by striking out the matter referred to. There remained in the petition allegations to the effect that the defendants were guilty of negligence in placing the pipe there so as to obstruct passage and in not providing protection therefor. Whether the plaintiff had knowledge or was chargeable with knowledge of the existence of the iron pipe, was an important inquiry upon the subject of contributory negligence. The tort of the defendants consisted of negligently placing and maintaining the pipe on the sidewalk so as to obstruct it and negligently failing to protect it so that pedestrians would not stumble over it.

The tort of the defendants was complete, whether they gave notice of the wrong they had done or not. True, if the defendants had given warning or notice of the dangerous condition to the plaintiff, plaintiff having that knowledge and being conscious of that condition at the very time he approached the pipe and sustained his injury, would be guilty of contributory negligence which woud bar a recovery. On the other hand, if a child of such tender years as to be incapable of being guilty of contributory negligence had been injured by falling over the iron pipe, defendants could not escape legal liability for the tort committed by placing the pipe so as to be a source of danger, even though they also placed there an imposing sign by day and a glowing light by night. The allegation was immaterial and properly stricken from the petition.

At the conclusion of the court's charge to the jury and just before its retirement, plaintiff's counsel requested the court to charge the jury as follows:

> "Plaintiff in proceeding from the car tracks of Cherry Street to the steps of St. Vincent's Hospital, had a right to assume, in the absence of knowledge or notice to the contrary, that the way along which he was proceeding was reasonably safe for such use by plaintiff."

The court refused so to charge and the plaintiff excepted.

The impress of the last words of the trial judge upon the mind of the jury is a good deal like the benediction that follows prayer. Having this realization, most judges taper off their charges with directions as to the form of the verdict and the concurrence of the jurors therein, and thus the charge, if otherwise of even tenor, becomes a balanced one. If counsel may reserve a trump card in the shape of a request which he steps forward and asks the court to give at the last moment before the jury retires, he may gain an advantage by having the principle which he seeks to have the jury apply, remain fresh in its mind. The court is not required to give a request to charge submitted after the general charge is complete if the matter has been fully covered by the court, nor is the court required to give it, if not so previously covered, in the laguage requested. In fact, the court should employ language of its own, if necessary, in order to state the law applicable with fairness to all the parties.

The evidence is undisputed that the plaintiff had no actual knowledge of the existence of the pipe. From the language of the charge requested the jury might infer that the plaintiff, having no such knowledge, might proceed along the passageway and cross the sidewalk, without looking to the extent that ordinary care required, and still recover. This is not the law. Even though he had no knowledge of the existence of the pipe, he is chargeable in law with knowledge thereof, if he should have discovered its existence by the exercise of ordinary care. The charge requested was misleading and

the ruling of the court in this connection was in accordance with established principles of law.

It is further claimed that the verdict is manifestly against the weight of the evidence. The jury would have been warranted in finding the defendant was guilty of negligence in placing the pipe where it did and leaving it there in its exposed condition. The plaintiff, however, knew that the repairs were going on and knew that the thoroughfare was more or less bestrewn with rubbish, debris and material, and coupled with this knowledge of the plaintiff was the all-important fact that the injury was sustained in broad daylight and the iron pipe in question was plainly visible. The question of contributory negligence was left to the determination of the jury and we cannot say the verdict is manifestly against the weight of the evidence.

We have examined all questions of law made by the plaintiff in error in his brief and there is no error apparent upon the face of the record prejudicial to the plaintiff in error. The judgment will therefore be affirmed.

Lloyd and Richards, JJ., concur.